**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CAUSE NO. 1:23-cr-39-LG-BWR-1**

**DAMION XAVIER GIGLIO**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**BEFORE THE COURT** is the [22] Motion to Dismiss filed by Defendant, Damien Xavier Giglio. This Defendant is charged by indictment for knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Here, Defendant was previously convicted under 18 U.S.C. § 922(g)(3), which prohibits possession of a firearm while an unlawful user of a controlled substance. Defendant has filed a [22] Motion to Dismiss the indictment, arguing that by applying the recent Supreme Court decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S.Ct. 2111 (2022), § 922(g)(1) is unconstitutional. The Court has conducted a hearing on the matter and after due consideration of the arguments of counsel, the record, and the applicable law, finds that the Motion should be denied.

## DISCUSSION

### I. Validity of Defendant's Predicate Conviction under 18 U.S.C. § 922(g)(3)

This Defendant was previously convicted of possession of a firearm by an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3). At hearing, an issue was raised regarding the effect of the underlying predicate offence on the

pending indictment. The threshold question raised was what effect, if any, the legality of the underlying conviction would have on the validity of the current criminal indictment under § 922(g)(1).[1]

In *Lewis v. United States*, 445 U.S. 55, 65 (1980), the Supreme Court considered a similar question with respect to 18 U.S.C. § 1202(a)(1), a predecessor to 18 U.S.C. § 922(g)(1).[2] The Court "h[e]ld that § 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Lewis*, 445 U.S. at 65. "The statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury." *Id.* at 60-61. In other words, "the firearms prosecution does not open the predicate conviction to a new form of collateral attack." *Id.* at 66-67.

This Court has joined other courts in finding "that 'the relevant issue is a defendant's legal status *at the time of firearm possession*.'" *United States v. Oliver*,

---

[1] As the parties are aware, this Court decided in *United States v. Daniels*, 610 F. Supp. 3d 892 (S.D. Miss. 2022), that § 922(g)(3) is constitutional under the standard set forth in *Bruen* and its progenitor, *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Court's decision is currently pending appeal before the United States Court of Appeals for the Fifth Circuit.

[2] *See United States v. Aguirre*, 993 F.2d 458, 460 n. 14 (5th Cir. 1993) (noting that 18 U.S.C. § 1202(a)(1) is "now codified as amended at 18 U.S.C. § 922(g)(1)"). *Lewis* itself notes, "[a]ctually, with regard to the statutory question at issue here, we detect little significant difference" between § 1202(a)(1) and § 922(g)-(h). *Id.* at 64. "[T]o limit the scope of §§ 922(g)(1) and (h)(1) to a validly convicted felon would be at odds with the statutory scheme as a whole." *Id.*

No. 4:07CR27-DCB-LRA, 2008 WL 5484116, at *2 (S.D. Miss. Dec. 18, 2008) (emphasis added) (quoting *United States v. Muir*, No. 1:03CR162-DAK, 2006 WL 288419 (D. Utah 2006) (unpublished)). Moreover, according to the Second Circuit, "[i]n determining whether a defendant 'has been convicted' of the predicate felony required by § 922(g)(1), the determinate factor is defendant's criminal record at the time of the charged possession. . . . [I]t is the 'mere fact of [a prior] conviction' at the time of the charged possession, not the 'reliability' of the conviction, that establishes the § 922(g)(1) predicate." *Burrell v. United States*, 384 F.3d 22, 27-28 (2d Cir. 2004) (quoting *Bonfiglio v. Hodden*, 770 F.2d 301, 306 (2d Cir. 1985)). "Thus, a § 922(g)(1) conviction is 'not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated, or modified.'" *Burrell*, 384 F.3d at 28 (quoting *Bonfiglio*, 770 F.2d at 304-05); *see also United States v. Leuschen*, 395 F.3d 155, 157-58 (3rd Cir. 2005) (holding similarly); *United States v. Wallace*, 280 F.3d 781, 784, n. 1 (7th Cir. 2002) (holding similarly); *United States v. Blevins*, 802 F.2d 768, 771 (4th Cir. 1986) (holding similarly).

Applying the rule of *Lewis* to the facts of this case, the Court finds that the "fact of a felony conviction" is the operative element of section 922(g)(1), not the validity of the conviction, at the time Defendant is alleged to have possessed the firearm. *See Lewis*, 445 U.S. at 60-61. The Court understands the cited case law to provide that, regardless of the ultimate disposition of the *Daniels* case, the fate of section 922(g)(3), and the constitutionality of Defendant's predicate conviction, the

current criminal proceedings would not allow for a collateral attack on that predicate conviction.

## II. Constitutionality of Section 922(g)(1)

Defendant's Motion rests on the alleged unconstitutionality of section 922(g)(1), which prohibits the possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

This statutory provision has been extensively litigated in the federal courts following the release of the Supreme Court's decision in *Bruen*. As this Court noted in *United States v. Schnur*, No. 1:23-cr-65-LG-BWR-1, there is a virtual unanimity in the district courts of the Fifth Circuit upholding section 922(g)(1) in *Bruen*'s wake. In its decision, this Court joined the majority opinion of district courts and found that § 922(g)(1) survives *Bruen*'s textual and historical scrutiny. (*See generally* Mem. Opinion & Order Denying Def.'s Mot. Dismiss, ECF No. 35, 1:12-cr-65-LG-BWR-1). The Court hereby adopts by reference it's opinion in *Schnur* and denies the pending [22] Motion to Dismiss for the reasons stated therein.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [22] Motion to Dismiss filed by Defendant, Damien Xavier Giglio, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 1st day of August, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE